IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

PAUL CLARENCE LEWIS                                                                                    PLAINTIFF

V.                                                                    CIVIL ACTION NO. 3:25-CV-305-MPM-RP

ASHLEY FURNITURE INDUSTRIES, LLC                                                      DEFENDANT

## ORDER STRIKING IMPROPER FILINGS

This matter is before the court *sua sponte* for the purpose of striking two documents that were improperly filed by the pro se plaintiff, Paul Clarence Lewis.

The plaintiff filed his complaint on October 20, 2025. ECF 1. On November 12, 2025, the plaintiff filed a "supplemental complaint" purportedly pursuant to Federal Rule of Civil Procedure 15(d) and Rule 15(a)(1)(A). ECF 12. However, Rule 15(a)(1)(A) pertains to *amended* pleadings -- not supplemental pleadings. The plaintiff's "supplemental complaint," which states it "does NOT replace or disturb the original complaint," is plainly a supplemental complaint and not an amended complaint. ECF 12 at 1. Under Rule 15(d), a supplemental complaint may be filed only with the court's permission on a motion and reasonable notice. Because the plaintiff made no such motion and filed his supplemental complaint without the court's permission, that filing is improper and should be stricken. If the plaintiff wishes to file a supplemental complaint, he must first file a motion requesting permission to do so. If he wishes to file an amended complaint, under Rule 15(a)(1)(A) he may do so once as a matter of course within 21 days after service of the defendant's answer. Otherwise, under Rule 15(a)(2) he may amend his complaint only with the defendant's written consent or the court's leave.

Additionally, after the defendant filed its answer to the complaint, the plaintiff filed a "rebuttal to the defendant's answer." ECF 14. However, under Rule 7(a)(7), a reply to an

answer is allowed only if the court orders one. Because the court did not order a reply to the defendant's answer, the plaintiff's "rebuttal" is improper and should be stricken.

Therefore, the plaintiff's "supplemental complaint" [ECF 12] and his "rebuttal to the defendant's answer" [ECF 14] are STRICKEN.

This, the 23rd day of December, 2025.

s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE