**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**PAUL CLARENCE LEWIS**                                                    **PLAINTIFF**

**V.**                                                    **CAUSE NUMBER: 3:25-cv-00305-JDM-RP**

**ASHLEY FURNITURE INDUSTRIES, LLC**                                    **DEFENDANT**

## ORDER GRANTING MOTION TO DISMISS

Before the court is Defendant Ashely Furniture Industries, LLC's Motion to Dismiss.  [43] The motion is specifically aimed at the negligence claim in Plaintiff Paul Clarence Lewis's pro se complaint.  [1]

Lewis is a former employee of Ashely Furniture Industries, LLC.  He sued the company for alleged employment discrimination and retaliation under Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act (ADA), for unspecified claims under 42 U.S.C. § 1983.  And he included in his complaint is a claim for negligent hiring and supervision under Mississippi law.

But as Ashley Furniture's motion to dismiss points out, Mississippi law—specifically the Mississippi Workers' Compensation Act (MWCA)—bars employees from bringing negligence claims against their employers in court.  Instead, the statutory procedures of the MWCA provides the *exclusive* remedy for an employee seeking to recover for the alleged negligence of his employer.  Miss. Code Ann. § 7-1-9.

Because Lewis's claim for negligent hiring and supervision are clearly barred by Mississippi law, Ashley Furniture's motion to dismiss this claim is GRANTED.

**Facts and Procedural History**

Lewis worked at Ashley Furniture in Ecru, Mississippi from April 17, 2023 until March 13, 2025. During that time, he allegedly experienced harassment and notified his supervisors. But according to Lewis, no supervisor took corrective action. Lewis sued Ashley Furniture, asserting violations of Title VII, the ADA, and § 1983.

His pro se complaint included a claim titled "Count V—Negligent Hiring and Supervision." [1] This claim alleged Ashley Furniture "negligently hired and retained Ernest Austill in a position of authority over [Lewis], showing reckless disregard for workplace safety and violating Mississippi public policy." [1]

Ashley Furniture answered the complaint. [13] Among its affirmative defenses was it claim that some or all of Lewis's claims may be barred by workers' compensation laws. [13]

After the Court denied Lewis's Motion for Leave to File Amended Complaint [31], Ashley Furniture moved under Federal Rule of Civil Procedure 12(c) to dismiss the negligent hiring and negligent supervision claim. [43] Lewis's former employer asserted that the MWCA prevents Lewis from recovering money damages through a lawsuit.

**Discussion**

The same standard for a Rule 12(b)(6) motion to dismiss applies to Ashley Furniture's Rule 12(c) motion to dismiss on the pleadings. *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) (citing FED. R. CIV. P. 12(b)(6) & 12(c)). Under Rule 12(b)(6), a party may move to dismiss a claim against it if that claim "fail[s] to state a claim upon which relief can be granted." *See also* FED. R. CIV. P. 8(a) (requiring a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief"). Lewis's negligence claim must be dismissed because, under Mississippi law, he is not entitled to the relief he seeks. Instead, the MWCA

2

provides that workers' compensation is the exclusive remedy for employees who sustain injuries arising out of their employment. *See* Miss. Code Ann. § 71-3-9.

The Supreme Court of Mississippi has repeatedly held that when a claim arising out of an employer-employee relationship is grounded in negligence, the MWCA's exclusivity provision of the MCWA bars the claim. *E.g.*, *Spiers v. Oak Grove Credit LLC*, 328 So. 3d 645, 652-53 (Miss. 2021); *Bowden v. Young*, 120 So. 3d 971, 973-74 (Miss. 2013). And Mississippi federal courts have followed suit and consistently held that negligence claims are barred by the exclusivity provision of the Act. *See, e.g. Ford v. Madison HMA, Inc.*, 867 F. Supp. 2d 843, 849 (S.D. Miss. 2012) (granting summary judgment on the plaintiff employee's barred negligent hiring, supervision, and retention claims); *Renick v. Nat'l Audubon Soc'y, Inc.*, No. 3:07-cv-68-SAA, 2009 WL 377288, at *6 (N.D. Miss. Feb. 12, 2009) (holding that a negligent infliction of emotional distress claim was barred); *Andrews v. Enpro Indus., Inc.*, No. 3:24-cv-164-SA-RP, 2025 WL 837324, at *5 (N.D. Miss. Mar. 17, 2025) (holding that all negligence-based claims were barred). Because Lewis's claim for negligent hiring and supervision fall squarely within the MWCA's exclusivity provision, he is barred from pursuing this claim in federal court. *See Ford*, 867 F. Supp. 2d at 849.

Under certain conditions, an intentional tort claim may fall outside of the MWCA's exclusivity provision. *See Griffin v. Futorian Corp.*, 533 So.2d 461, 463 (Miss. 1988). But Lewis has not alleged an intentional tort. Mere willful and malicious actions are insufficient to give rise to the intentional tort exception to the exclusive remedy provisions of the MWCA. *Bowden*, 120 So. 3d. at 976. The same is true for allegedly reckless or grossly negligent conduct. Such conduct is not enough to remove a claim from the exclusivity of the MWCA. *Id.* at 976-77. Instead, "the plaintiff must allege and prove that the employer acted with an actual intent to injure the employee,

3

with full knowledge that the employee would be injured and with the purpose of the action being to cause injury to the employee." *Id.* at 976. And Lewis's complaint does not allege such intentional and purposefully injurious actions occurred.

Therefore, his claim for negligent hiring and supervision must be dismissed.

### Conclusion

Ashely Furniture's Motion to Dismiss [43] is **GRANTED**.

Lewis's claim for negligent hiring and supervision is **DISMISSED with prejudice.**

SO ORDERED, this the 29th of June, 2026.

 /s/ James D. Maxwell, II
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI