**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**PAUL CLARENCE LEWIS** **PLAINTIFF**

**V.** **CAUSE NUMBER: 3:25-cv-00305-JDM-RP**

**ASHLEY FURNITURE INDUSTRIES, LLC** **DEFENDANT**

**ORDER AND MEMORANDUM OPINION**

Before the Court is Defendant Ashley Furniture Industries, LLC's Motion for Summary Judgment. [51] Plaintiff Paul Lewis sued Ashley for violations of the Americans with Disabilities Act ("ADA"), Title VII of the Civil Rights Act of 1964, and 42 U.S.C. § 1983. Lewis alleges that he suffers from post-traumatic stress disorder ("PTSD"). And he claims Ashley wrongfully terminated him from his position as a Distribution Center Upholstery Line Cleaner. According to Lewis, Ashley knew he had PTSD, yet failed to protect him from a co-employee.

But there are two reasons why Lewis's ADA claim does not survive summary judgment. First, he has not proved his PTSD is a disability for ADA purposes. The ADA requires a disability substantially limit a major life activity. And he has not shown how his PTSD substantially limits any of his own major life activities. Second, Lewis has provided zero evidence that Ashley terminated him because of his alleged PTSD. According to Ashley, it terminated him because he argued with and made threats toward a coworker—not because of any disability. And Lewis does not contradict this.

Lewis's Title VII claim also does not survive summary judgment. That's because he has not alleged that he was terminated based on his "race, color, religion, sex, or national origin." And

Lewis concedes that his § 1983 claim applies only to states or state actors—not private companies like Ashley.

Because the Court finds that Lewis has not established triable issues of fact on his ADA, Title VII, or § 1983 claims, the Court grants Ashley's Motion for Summary Judgment.

**Facts**

In April 2023, Ashley hired Lewis to work at its Ecru, Mississippi facility. When hired, Lewis acknowledged Ashley's Culture Guide. The Culture Guide's "workplace violence" section contains a list of examples of prohibited conduct. One example is "[p]hysical threats to one's self or another person including assault, pushing, hitting, intimidation, or blocking or impeding free movement."

On March 11, 2025, a co-employee threatened to "pull [Lewis] in this trailer and beat the shit or the brakes off of [him] or whatever his cusswords were[.]" The employee was mad because Lewis had placed a pallet of mattresses in the wrong location. During the forty-five-minute altercation, Lewis responded that he would "knock [the co-employee] into next week."

Word of the altercation spread to Ayshia Paul, a Human Resources representative. And she interviewed both Lewis and the co-employee. In this interview, Lewis admitted that he had threatened to "knock [the co-employee] into next week." After the interviews, Paul decided that both employees should be terminated. Lewis and the co-employee were both fired on March 13, 2025.

Aggrieved, Lewis sued Ashley under the ADA, Title VII, 42 U.S.C. § 1983, and related Mississippi tort law for negligent hiring and supervision.[1] Lewis claims he has PTSD from

[1] This Court dismissed the related Mississippi tort law claims because they were barred by the Mississippi Workers Compensation Act's exclusive remedy provision. [50]

"international known" events during his childhood. He testified that he was officially diagnosed with PTSD in the late 1980s. But he submitted no evidence to substantiate this diagnosis.

Lewis testified that he told an Ashley employee that he had PTSD. But he did not tell Paul. He really could not remember who he told. Still, Lewis alleges that Ashley violated his rights under the ADA, § 1983, and Title VII because Ashley, while knowing he had PTSD, did not protect him from the co-employee's actions.

**Summary Judgment Standard**

"Summary judgment is warranted when the evidence shows no genuine dispute regarding any material fact, and the moving party is entitled to judgment as a matter of law." *Ghanem v. Morrow*, No. 1:24-cv-182-SA-RP, 2025 WL 3470052, at *2 (N.D. Miss. Dec. 3, 2025) (citing FED. R. CIV. P. 56(a)). Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Nabors v. Malone*, No. 1:17-cv-164-DAS, 2019 WL 2617240, at *1 (N.D. Miss. June 26, 2019) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

"The moving party 'bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact.'" *Id.* (quoting *Celotex*, 477 U.S. at 323). "The nonmoving party must then 'go beyond the pleadings' and 'designate specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting *Celotex*, 477 U.S. at 324).

Here, Ashley suggests Lewis has no ADA claim because he cannot establish a *prima facie* case of discrimination. Ashley also argues that Lewis's Title VII claim fails because he is not alleging discrimination based on race, color, religion, sex, or national origin. Finally, Ashley

maintains, and Lewis concedes, he has no § 1983 claim because Ashley is a private actor. In short, Lewis has not created a triable issue of fact on any of his claims.

**Discussion**

**I. ADA Claim**

Considering his ADA claim, Lewis has presented no direct evidence of discrimination by Ashley. To the extent he relies on circumstantial evidence, the *McDonnell Douglas*[2] burden-shifting analysis applies. *E.E.O.C. v. LHC Group, Inc.*, 773 F.3d 688, 694 (5th Cir. 2014).

There are three steps to this analysis. "Under *McDonnell Douglas*, [Lewis] has the initial burden of establishing a *prima facie* case of discrimination. If [he] does so, the burden then shifts to [Ashley] 'to articulate some legitimate, nondiscriminatory reason' for its action. If [Ashley] can provide a reason, then the burden shifts back to [Lewis] to prove that the reason is pretextual." *Ross v. Judson Indep. Sch. Dist.*, 993 F.3d 315, 321 (5th Cir. 2021) (quoting *McDonnell Douglas*, 411 U.S. at 802). If Lewis cannot establish a *prima facie* ADA discrimination case, the Court need not move to the second or third *McDonnell Douglas* factors.

*A. Prima facie case*

To establish a *prima facie* ADA discrimination case, "[Lewis] must prove: (1) that he has a disability; (2) that he was qualified for the job; [and] (3) that he was subject to an adverse employment decision on account of his disability." *King v. DFW Int'l Airport Bd.*, No. 23-11084, 2024 WL 4132676, at *4 (5th Cir. Sept. 10, 2024) (quoting *Zenor v. El Paso Healthcare Sys., Ltd.*, 176 F.3d 847, 853 (5th Cir. 1999)).

Neither Lewis nor Ashley contest the second prong—that Lewis was qualified for the job. So the Court considers only whether Lewis has provided sufficient evidence to create a triable fact

[2] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

issue as to whether his PTSD is a disability for ADA purposes and whether a nexus existed between Lewis's alleged disability and termination. After review, the Court finds that he has not raised a triable fact issue.

1. Lewis has not provided sufficient evidence that his PTSD is a disability for ADA purposes.

The ADA defines "disability" as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such impairment . . . ." 42 U.S.C. § 12102(1). An impairment "substantially limits one or more major life activities" when it substantially limits a person's ability "to perform a major life activity as compared to most people in the general population." *Cannon v. Jacobs Field Servs. N. Am., Inc.*, 813 F.3d 586, 591 (5th Cir. 2016) (quoting 29 C.F.R. § 1630.2(j)(1)(ii) (EEOC regulations defining terms in ADA)). The ADA lists "major life activities" as "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A).

Lewis testified he has PTSD. But he provides no medical documentation about a PTSD diagnosis. Further, Lewis has not shown his purported PTSD substantially limits a major life activity for ADA purposes.

Thus, he has not provided sufficient evidence that his PTSD is a disability for ADA purposes.

2. Lewis was not subject to an adverse employment action on account of his alleged disability.

In addition to not meeting the first prong of a *prima facie* case for discrimination, Lewis fails on the third prong too. There is no dispute that Lewis was subject to an adverse employment

action—he was terminated. But to establish a *prima facie* case for ADA discrimination, there must have been a connection between the disability and the termination. *King*, 2024 WL 4132676, at *4. And it is Lewis who must prove this connection, which he has not done. *Rodriguez v. Eli Lilly & Co.*, 820 F.3d 759, 765 (5th Cir. 2016).

But Ashley does provide an explanation for the termination—that he was fired for threatening a co-worker. *Id.* So the burden shifts to Lewis to show the reason is pretextual—"that the employer's explanation is false or unworthy of credence[.]" *Id.* (quoting *Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003)).

And Lewis has produced no evidence to create a fact issue about ever having a disability for ADA purposes, much less that his termination was on account of his alleged disability. Because Lewis has failed to establish a *prima facie* case for discrimination, Ashley is entitled to summary judgment on the ADA claim.

**II. Title VII Claim**

Under Title VII, it is unlawful for an employer "to discharge any individual, . . . because of such individual's race, color, religion, sex, or national origin[.]" 42 U.S.C. § 2000e-2. To successfully bring a Title VII claim, Lewis had to allege adverse employment action occurred because of his race, color, religion, sex, or national origin.

Lewis does not do so. Instead he continues to cling to his alleged PTSD. But PTSD does not relate to race, color, religion, sex, or national origin. So Ashley is entitled to summary judgment on Lewis's Title VII claim.

**III. Section 1983 Claim**

Finally, Lewis concedes that he has no § 1983 claim. "Section 1983 provides a cause of action against '[e]very person who, *under color of any statute, regulation, custom, or usage, of*

*any State* deprives someone of a federal constitutional or statutory right.'" *Lindke v. Freed*, 601 U.S. 187, 194 (2024) (quoting 42 U.S.C. § 1983 (emphasis added)). It protects against acts by a State, not a private individual or entity. *Id.*

And Ashley is neither a State nor a State actor—it is a private company, which Lewis concedes. Thus, Ashley is entitled to summary judgment on Lewis's § 1983 claim.

**Conclusion**

For these reasons, Ashley Furniture Industry, LLC's Motion for Summary Judgment [51] is **GRANTED**. Judgment will be entered in Ashley Furniture Industry, LLC's favor. With no other claims or defendants remaining, the case shall be **DISMISSED with prejudice**.

This case is **CLOSED**. A separate judgment will issue this day.

**SO ORDERED**, this 20th day of August, 2026.

/s/ James D. Maxwell, II
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI